IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT L. WITT<br>BRENDA WITT<br>TAREYA WITT<br><br>Plaintiffs,<br><br>vs.<br><br>THE TOWN OF BROOKSIDE ALABAMA; OFFICER [unknown first name] SELLERS; OFFICER JAMES SEBASTIAN "BO" SAVELLE; and former CHIEF MIKE JONES, individually.<br><br>Defendants. | CIVIL ACTION NO:<br><br>JURY DEMAND X |

## COMPLAINT

COMES NOW, Plaintiffs, Vincent L. Witt, Brenda Witt, and Tareya Witt, who allege the following facts, asserts the following causes of action, and seeks to recover the following damages against The Town of Brookside Alabama, police officer [unknown first name] Sellers, police officer Savelle, and Chief Jones.

### JURISIDCTION

1. This Court has subject matter jurisdiction over Counts I, III, IV, VII, and IX pursuant to 28 U.S.C. § 1331 because each alleges violations of the United States Constitution and 42 U.S.C. § 1983. These actions are civil rights actions brought under 42 U.S.C. §§ 1983 and 1988. This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. 1367(a) over Counts II, V, VI, and VIII which assert any applicable pendent state law claims.

2. Venue is proper in this division and district under 28 U.S.C. 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district.

## PARTIES

3. Plaintiff, Vincent Witt ("Pastor Witt), an individual, is a citizen and resident of Jefferson County, Alabama, and is over 19 years of age.

4. Pastor Witt serves as a respected pastor in his community. He also serves as one of the directors of the National Baptist Convention where he mentors thousands of other young pastors. Pastor Witt also serves as Chaplain of the City of Lipscomb.

5. Plaintiff, Brenda Witt ("Mrs. Witt"), an individual, is a citizen and resident of Jefferson County. Mrs. Witt is the wife of Pastor Witt.

6. Plaintiff, Tareya Witt ("Ms. Witt"), an individual, is a citizen and resident of St. Clair County. Ms. Witt is the sister of Pastor Witt.

7. Defendant, Officer [unknown first name] Sellers ("Sellers"), an individual, is or was at all times relevant a police officer employed by the town of Brookside and is over 19 years old.

8. Defendant, Officer James Sebastian "Bo" Savelle ("Savelle"), an individual, is or was at all times relevant a police officer employed by the town of Brookside and is over 19 years old.

9. Defendant, Chief Mike Jones ("Jones"), was at all times relevant the chief of police of Brookside and is over 19 years old.

10. Defendant, The Town of Brookside ("Brookside"), is a municipal corporation located within the Birmingham Division of Jefferson County, Alabama which employed Officers Sellers and Savelle and Chief Jones who were working in

the line and scope of their employment with the City of Brookside, Alabama at the time of the incidents described below.

11. The defendants were at all times, legal persons or entitles within the state of Alabama. They were state actors during the course of this incident. Plaintiffs' causes of action against Defendants Sellers, Savelle, and Jones, are asserted against those Defendants in their individual capacities.

## FACTS OF THE CASE

12. On or about June 12, 2019 at approximately 6:00 PM, Pastor Witt was stopped by Defendant Sellers from the Brookwood Police Department for having a paper tag on his new black Cadillac vehicle, which he had purchased roughly a week prior.

13. The stop occurred as Pastor Witt was exiting I-22 westbound on Exit 91 en route to Forestdale, outside of Brookside's municipal jurisdiction and outside of Brookside's police jurisdiction.

14. Pastor Witt was accompanied in the vehicle by his wife, Mrs. Witt. His sister, Ms. Witt, was not in the vehicle.

15. Sellers told Pastor Witt that there was a car fitting the description of his Cadillac that had recently been reported stolen.

16. Sellers pulled over Pastor Witt's vehicle and conducted a seizure outside of his jurisdiction, doing so without the proper authority and without any reasonable suspicion or probable cause.

17. At no point during this interaction did Pastor Witt claim to be a police officer.

18. Sellers made no allegation that Pastor Witt was speeding, he issued no ticket, no warning, or citation, but only proceeded to degrade and harass Pastor Witt by telling him to "Stay out of Brookside, f***ing n***er".

19. Due to Sellers' egregious acts, Pastor Witt contacted the Brookside Police Department on or about June 13, 2019, to complain about the unjustified traffic stop and racial slur and spoke to an unknown officer.

20. On June 14, 2019, Pastor Witt received a call from Savelle about the matter. Savelle asked for "Officer Witt," to which Pastor Witt informed him that he was not an officer but the chaplain for the city of Lipscomb.

21. After Witt's complaint and to his shock and dismay, a warrant was issued for his and his sister's arrest.

22. Pastor Witt and Ms. Witt were both charged with a Class C Felony of impersonating a peace officer despite the fact such a charge was feasibly impossible for both individuals: there was no felony arrest of Pastor Witt or even a citation issued during the unlawful stop, and his sister was not even present during the unlawful stop.

23. Pastor Witt and his sister's photographs were posted on Crime Stoppers as well as the Brookside Police Department's Facebook page sometime on or prior to June 16, 2019, and their reputations were defamed by the following statements, which Defendants knew were unfounded but caused to be published:

    a. "Vincent Lamar Witt is wanted in JEFFERSON COUNTY on a felony warrant charging him with impersonating a police officer."

    b. "Tareya Dennise Witt is wanted in JEFFERSON COUNTY on a felony warrant charging her with impersonating a police officer."

24. Pastor Witt also received a Facebook message from the Brookside Police Department's Facebook page

4

25. Pastor Witt's was unaware of the false charges until a member of Pastor Witt's church congregation showed him the Crime Stoppers image on Sunday, June 16.

26. Ms. Witt immediately contacted her brother Pastor Witt after a former classmate brought the Crime Stoppers image to her attention.

27. Ms. Witt, who works for the federal government, had to inform her job managers of the false accusations, and she suffered anxiety over the uncertainty of whether she would in fact be arrested. She was unable to be at ease either at her home or while driving in the car, constantly feeling anxiety over whether she would be arrested due to this unfounded allegation.

28. Ms. Witt contacted the Brookside Police Department and was told to come to the station where she could sign an affidavit saying that her name had been falsely used by either Pastor Witt or Mrs. Witt during the arrest. Ms. Witt knew that neither her brother or sister-in-law had given her name during the unlawful traffic stop and that the "offer" was a ploy to have her to come to the police station to be arrested, and so she did not do so.

29. Eventually Pastor Witt's photograph image was removed from Crime Stoppers and Facebook and without any explanation or an apology the respective warrants against Pastor Witt and Ms. Witt were dropped.

30. Pastor Witt similarly suffered shame, embarrassment, and humiliation of having his reputation subjected to false accusations. Pastor Witt, whose occupation naturally requires maintaining a good reputation in the community, had his present position compromised when his parishioners learned of the chargers on Crime Stoppers.

31. Further, Pastor Witt's opportunity to advance his career and join another church with a larger congregation was rescinded due to his likeness being maliciously presented in a false light and defaming manner. If not for the unfounded allegations, Pastor Witt would have received an offer of employment from this church.

32. Plaintiffs' criminal investigation eventually ended in their favor as their warrants were eventually dismissed without explanation, apology, or retraction of the false publication. Nonetheless, plaintiffs suffer pain, embarrassment, and humiliation due to the false instigations of the felony charges in violation of their constitutional and civil rights. Timely Notice was provided to the Town of Brookside of the claims referenced herein pursuant to Section 11-47-23 and 11-47-192 of the Code of Alabama.

**COUNT I: VIOLATION OF THE 4th AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983 PASTOR WITT AND MRS. WITT AGAINST DEFENDANTS BROOKSIDE AND SELLERS**

33. Plaintiffs incorporate paragraphs 1-32 of the Complaint by reference.

34. This cause of action is brought against the Town of Brookside and against Defendant Sellers pursuant to 42 U.S.C. § 1983, Plaintiffs' Fourth Amendment right to protection against unreasonable searches and seizures, and 42 U.S.C. 1988.

35. Plaintiffs are entitled to recover for the traffic stop because it constituted an unconstitutional seizure under 42 U.S.C § 1983. Recovery under § 1983 requires two elements: that the challenged conduct was done under color of state

law, and that it constitutes a deprivation of the plaintiffs' rights, privileges, or immunities.

36. Sellers was employed by the Brookside police force and working within the scope of his employment. The stop clearly occurred under color of state law.

37. The stop deprived Pastor Witt and Mrs. Witt of their constitutionally guaranteed Fourth Amendment right to be protected against unreasonable searches and seizures, because Sellers stopped their vehicle without reasonable suspicion or cause.

38. This traffic stop was a "*Terry* stop" that requires the stopping officer to have an objective, reasonable suspicion of criminal activity. (United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)).

39. There was no probable cause or reasonable suspicion for Sellers' traffic stop of Pastor Witt. Pastor Witt was not accused of speeding, he violated no traffic law or ordinance and was displaying temporary tags on his new vehicle as required by state law. Plaintiffs challenge the pretextual reason given for the stop that there was an alleged report of a stolen vehicle.

40. The unconstitutional stop was willful and malicious. Sellers provided no evidence of any traffic violation whatsoever to seize Pastor Witt's vehicle, and person, there was no allegation of speeding, and there was no probable cause that a crime had been committed as evidenced by the fact that Sellers failed to issue so much as a citation. Further, Sellers' use of a racial epithet and the command to "stay out" of Brookside indicate a malicious hostility toward Pastor Witt based on his race and/or color.

41. Brookside is liable as a municipality under § 1983 and *Monell* (436 U.S. 658, 1978) because it has a demonstrated practice of stationing officers on or near I-

22, outside of its municipal jurisdiction, to pursue alleged traffic violations that they are not authorized to pursue, and this traffic stop likely would not have occurred if not for that practice. ("Drivers question tickets written on and near I-22 by local police department," https://abc3340.com/news/abc-3340-news-iteam/drivers-question-tickets-on-and-near-i-22-issued-by-local-police-department). Brookside is also liable due to a deliberately indifferent failure to train its officers to respect citizens' constitutional rights. (Watson v. Town of Brookside, Case No. 2:21-cv-00649-AMM, N. D. of Ala. Southern Div., Brumlow v. The Town of Brookside et al. 2:20-CV-00650-GMB)

## COUNT II: TORT OF FALSE IMPRISONMENT
## PASTOR WITT & MRS. WITT AGAINST DEFENDANT SELLERS

42. Plaintiffs incorporate paragraphs 1-41 of the Complaint by reference.

43. False imprisonment is the unlawful detention of a person by another for any length of time that deprives the person of their personal liberty. (Ala. Code § 6-5-170).

44. The detention of Pastor Witt by Sellers was made without probable cause as demonstrated above and was thus unlawful.

45. For the duration of the traffic stop, Pastor Witt and Mrs. Witt were deprived of their liberty, as their trip was interrupted, suspended and for a duration of time they did not have agency and could not continue their chosen activities. No particular length of detention is necessary for a false imprisonment claim, and it is not necessary that there be confinement in a jail or prison – any exercise or threat of force that compels a person to remain where they do not wish to remain is an imprisonment. (Crutcher v. Wendy's of N. Ala., 857 So.2d 82, 92 (Ala. 2003)).

46. The false imprisonment was willful and malicious. Sellers provided no evidence of any traffic violation whatsoever to seize Pastor Witt's vehicle and person, there was no allegation of speeding and there was no probable cause that a crime had been committed as evidenced by the fact that Sellers failed to issue so much as a citation or warning. Further, Sellers' use of a racial epithet and the command to "stay out" of Brookside indicate a malicious hostility toward Pastor Witt based on his racial identity, color, or both.

## COUNT III: FALSE IMPRISONMENT IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983

## PASTOR WITT & MRS. WITT AGAINST DEFENDANTS BROOKSIDE AND SELLERS

47. Plaintiffs incorporate paragraphs 1-46 of the Complaint by reference.

48. This cause of action is brought against the Town of Brookside and against Defendant Sellers pursuant to 42 U.S.C. § 1983, Plaintiffs' Constitutional Right to Due Process under the Fifth Amendment made applicable to the States via the Fourteenth Amendment.

49. Sellers was clearly acting under color of state law in his detention of Pastor Witt and Mrs. Witt.

50. The unlawful stop constituted a deprivation of Pastor Witt and Mrs. Witt's liberty interests guaranteed to them by the Due Process clauses of the Fifth and Fourteenth Amendments.

51. The unlawful stop was made willfully and with malice as argued in Paragraph 40 above.

52. Brookside is liable as a municipality under § 1983 and *Monell* for the same reasons as stated in Paragraph 41 above.

## COUNT IV: EQUAL PROTECTION VIOLATION IN VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 ALL PLAINTIFFS AGAINST ALL DEFENDANTS

53. Plaintiffs incorporate paragraphs 1-52 of the Complaint by reference.

54. A § 1983 equal protection violation requires that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.

55. As alleged above, Pastor Witt questions the pretextual reason given for the traffic stop and alleges that were he and his wife not Black/African American, the unlawful stop would not have occurred.

56. The use of the racial epithet alone is perhaps not a sufficient cause for an equal protection claim, but the addition of the unlawful stop itself as well as the warning to "stay out" of the city provide the necessary further step required. (Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999)).

57. Savelle is liable due to his suspected involvement with placing the plaintiffs' photos and improper charges on Crime Stoppers and on Facebook, which plaintiffs allege would not have occurred had they not been Black.

58. Jones is liable due to his having signed off on the improper charges, which would not have been brought had plaintiffs' not been Black.

59. Brookside is liable due to Jones having final policymaking authority to decide whether charges are brought, and as such his decision to sign off on charges represent official city policy. (Todd v. Kelley, 783 So. 2d 31, 40 (Ala. Civ. App. 2000)). Brookside is also liable due to a deliberately indifferent failure to train its officers to respect citizens' constitutional rights.

## COUNT V: TORT OF OUTRAGE

## PASTOR WITT & MRS. WITT AGAINST DEFENDANTS

## BROOKSIDE AND SELLERS

60. Plaintiffs incorporate paragraphs 1-58 of the Complaint by reference.

61. The tort of outrage requires that defendant's conduct be intentional or reckless, extreme, and outrageous, and cause emotional distress so severe that no reasonable person could be expected to endure it.

62. Sellers' conduct against Pastor Witt and Mrs. Witt was intentional, from the making of the stop to the racist insult and warning that he gave as they parted.

63. Sellers' conduct was extreme and outrageous, both because no party should have to undergo an unlawful police stop and because being racially insulted and warned to stay out of an entire municipality is beyond the pale particularly from a police officer, a position requiring a far greater public trust than most. (Woodley v. City of Jemison, 770 So. 2d 1093, 1096 (Ala. Civ. App. 1999)).

64. Sellers' conduct caused emotional distress to plaintiffs, who should not need to feel trepidation simply because they are passing through or even near a certain public municipality.

65. Brookside is liable for Sellers' actions that occurred as he was acting outside the scope of his authority, including the traffic stop occurring outside of Brookside's police jurisdiction and without legal cause, the unlawful racial epithet and chilling warning given to "stay out of Brookside." (Newton v. Town of Columbia, 695 So. 2d 1213 (Ala. 1997)). Brookside is also liable due to a deliberately indifferent failure to train its officers to respect citizens' constitutional rights (Fourth, Fourteenth Amendments).

## COUNT VI: TORT OF MALICIOUS PROSECUTION

## PASTOR WITT AND MS. WITT AGAINST DEFENDANTS SELLERS, SAVELLE, AND JONES

66. Plaintiffs incorporate paragraphs 1-65 of the Complaint by reference.

67. Malicious prosecution requires that the defendant initiate a judicial proceeding with malice and without probable cause, that the proceeding terminates in favor of the plaintiff, and that the plaintiff suffer damages.

68. All individual defendants were involved with the initiation of the charges filed against Pastor Witt and Ms. Witt. These charges were filed with no probable cause to believe that plaintiffs had committed any crime and were filed maliciously because Pastor Witt dared to speak up about his unfair treatment. The charges were presumably ratified by Jones as the chief.

69. Further, such actions were with malice and willful. This is evidenced by the fact that the felony arrest warrants were issued for Mr. Witt and his sister only after he complained about Sellers' inappropriate behavior, confirming the vindictiveness of his actions. Sellers' use of a racial slur, albeit before Pastor Witt's complaint to his supervisor, only corroborates Sellers' preconceived, malicious disposition towards Pastor Witt.

70. The charges ended in Pastor Witt and Ms. Witt's favor after being dropped.

71. Pastor Witt and Ms. Witt suffered damages: Pastor Witt was denied an employment opportunity as a pastor and his reputation at his current employment opportunity suffered, as well as his continued unease in or around the city of Brookside; Ms. Witt was emotionally harmed due to the loss of wages sustained and the potential, fortunately not forthcoming, deleterious effects on her employment and due to her fear of unjustified arrest after the event.

## COUNT VII: MALICIOUS PROSECUTION IN VIOLAION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983
## PASTOR WITT AND MS. WITT AGAINST DEFENDANTS SELLERS, SAVELLE, JONES, AND BROOKSIDE

72. Plaintiffs incorporate paragraphs 1-71 of the Complaint by reference.

73. In addition to all information and allegations contained in the previous Count VI, this malicious prosecution caused a deprivation of Pastor Witt's liberty without due process of law under the stigma-plus standard. This was not merely a reputational injury, but one where the threat of looming real criminal charges over Pastor Witt's head made what was to be his next place of employment look elsewhere.

74. Brookside is liable due to Jones' ratification of the charges as noted in Paragraph 67 above and Brookside is also due to a deliberately indifferent failure to train its officers to respect citizens' constitutional rights.

## COUNT VIII: TORT OF DEFAMATION
## PASTOR WITT AND MS. WITT AGAINST DEFENDANTS SAVELLE, JONES, AND BROOKSIDE

75. Plaintiffs incorporate paragraphs 1-74 of the Complaint by reference.

76. The allegations and imputations of criminal conduct against Pastor Witt and Ms. Witt constitute defamation, the elements of which are that the defendant was at least negligent in publishing a false and defamatory statement to another concerning the plaintiff.

77. Furthermore, these allegations constitute defamation *per se* because they are a false allegation of criminal conduct.

78. Publication of the false allegations accompanied by Pastor Witt and Ms. Witt's pictures on Facebook and Crimestoppers, publication that plaintiffs suspect to have been committed by Savelle and signed off on by Jones, was a defamatory statement published not only to another, but to essentially the whole world.

79. Brookside is liable because the defamation was done by the city's police department and on the city police department's official Facebook page, and because posting the allegations it knew to be false and that were fabricated for the purpose of suppressing Pastor Witts complaint against Sellers is tantamount to reprisal and retaliation and further demonstrates a policy, practice, and pattern of disregard for the responsibility inherent to authority granted law enforcement.

80. Further, Defendants actions constitute wantonness because the Defendants were aware the accusations were not true when publishing the information and acted with reckless disregard for the truth and beyond mere negligence, proving Defendants published these falsehoods to the public with actual malice and only published said images/information after Pastor Witt's complaint against Sellers was submitted to Brookside.

**COUNT IX: DEFAMATION IN VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983**

**PASTOR WITT AND MS. WITT AGAINST DEFENDANTS SAVELLE, JONES, AND BROOKSIDE**

81. Plaintiffs incorporate paragraphs 1-80 of the Complaint by reference.

82. In addition to the allegations included in the above Count VIII for defamation, Pastor Witt was also deprived of a liberty interest without due process of law as noted in Paragraph 73.

83. Brookside is liable for the same reasons as given in Paragraph 79 and due to a deliberately indifferent failure to train its officers to respect citizens' constitutional rights.

**RELIEF REQUESTED**

Wherefore, Plaintiffs respectfully pray that the Court will take jurisdiction of this case and upon the final hearing grant the following relief:

a) Appropriate actual and punitive damages for the violations of plaintiffs' rights complained of herein,

b) The cost of this action, including reasonable attorney's fees; and

c) Grant Plaintiffs a permanent injunction enjoining Defendants, Defendant's agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate the Fourth, Fifth, and Fourteenth Amendments of the US Constitution and the law of the State of Alabama.

d) Any other relief to which Plaintiffs may be entitled.

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

**Respectfully submitted,**

/s/Richard A. Rice
Richard A. Rice

THE RICE FIRM, LLC
N. 115 Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Telephone 205 618-8733
rrice@rice-lawfirm.com

**ATTORNEY FOR PLAINTIFFS**

.

**Request for Service by Certified Mail by Clerk of the Court**

Sebastian "Bo" Savelle
2711 Municipal Drive
Brookside, Alabama 35036

Defendant, Chief Mike Jones
2711 Municipal Drive
Brookside, Alabama 35036

Defendant, Town of Brookside, Alabama
2711 Municipal Drive
Brookside, Alabama 35036

Defendant, Officer [unknown first name] Sellers
2711 Municipal Drive
Brookside, Alabama 35036

16